IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GILBERTO GOMEZ<br>(TDCJ No. 1866723),<br><br>Petitioner,<br><br>V.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | § § § § § § § § § § § § § | No. 3:15-cv-1828-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Gilberto Gomez, a Texas inmate proceeding *pro se*, has filed a Notice of Stay and Abeyance [Dkt. No. 3], "praying [for] additional time," but he has not filed an actual 28 U.S.C. § 2254 application for writ of habeas corpus. For the reasons explained below, the notice should be construed as a motion to stay and abate and denied, and this action should be dismissed without prejudice to Petitioner's right to pursue his state court remedies.

**Background**

Petitioner's filing provides no factual information concerning his underlying conviction(s) and sentence(s). But records from the Texas Department of Criminal Justice available online reveal that Petitioner was convicted of continuous sexual abuse of a young child in Navarro County, Texas and was sentenced to 25 years' imprisonment in June 2013.

**Legal Standards**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals (the "TCCA") in either a petition for discretionary review ("PDR") or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *cf. Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) ("When a petitioner brings an unexhausted claim in federal court, stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay. Because a stay and abeyance has the potential to 'frustrate[ ] [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s] objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in *limited* circumstances.'" (quoting *Rhines v. Weber*, 544 U.S. 269, 277 (2005)) (emphasis added)).

But the United States Supreme Court has suggested that a petitioner is entitled to file a "protective" petition in federal court and request stay and abeyance notwithstanding his failure to fully exhaust state remedies. *See Pace v. DiGuglielmo*,

544 U.S. 408, 416 (2005). Such a motion is appropriate in limited circumstances, so that a petitioner may fully exhaust available remedies where there is "reasonable confusion about whether a state filing would be [considered] timely" so as to toll the limitations period of the AEDPA. *Id.* at 416-17; *cf. Williams v. Thaler*, 400 F. App'x 886, 892 n.8 (5th Cir. 2010) (per curiam) ("In *Pace*, the Supreme Court suggested that a petitioner in doubt as to whether his state application is 'properly filed' such that it will toll the statute of limitations should file a 'protective' petition in federal court to avoid the running of the AEDPA limitation period. The Court did not hold that petitioners *must* file protective petitions in order to invoke equitable tolling, and we have previously declined to hold that a protective petition is necessary." (citing *Howland v. Quarterman*, 507 F.3d 840, 846 (5th Cir. 2007), *abrogated on other grounds by Campbell v. State*, 320 S.W.3d 338 (Tex. Crim. App. 2010)) (emphasis in original)).

### Analysis

Here, Petitioner has not filed a "protective" petition as contemplated by the Supreme Court in *Pace*. He instead appears to request, effectively, that the AEDPA limitation period be tolled without informing this Court whether he has submitted the factual and legal basis of any claim he may possess to the TCCA through either a PDR or a state habeas application.

If, for example, Petitioner has properly filed a state habeas application within the AEDPA's one-year limitation period, and if he has notice that such an application is "still pending in state court[, he] has no reason to run to federal court to file a federal habeas petition." *Williams v. Thaler*, 400 F. App'x 886, 892 (5th Cir. 2010) (per

curiam). But, if Petitioner is "in doubt as to whether his state application is 'properly filed' such that it will toll the statute of limitations," *id.* at 892 n.8, he should file an actual Section 2254 petition in federal court – in which he provides this Court with information concerning any state appeals or state post-conviction proceedings and specify his claim(s) for relief. Accordingly, the Court lacks a basis to grant an unsupported "notice," such as the one filed in this action, requesting stay and abeyance.

## Recommendation

Petitioner's Notice of Stay and Abeyance [Dkt. No. 3], construed as a motion, should be denied, and this action should be dismissed without prejudice to Petitioner's right to pursue his state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 2, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE